UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PHOUMARA TODD SOK,<br><br>　　　　　　Defendant. | Criminal No. 14-CR-66 (5) (RHK)<br>Civil No 16-2075 (RHK)<br><br>**ORDER** |

　　　　This matter is before the Court on Defendant's May 18, 2016, handwritten letter (dated May 14, 2016), which requests the Court's assistance regarding his consecutive sentence pursuant to 18 U.S.C. § 924(c)(1) and a claim of potential ineffective assistance of counsel. Doc. No. 248. Shortly thereafter on June 22, 2016, Defendant caused a separate filing which is formally described as a habeas pleading. See Doc. Nos. 255, 256, and 256-1. In his accompanying memorandum as part of his June 22, 2016, pleadings, Defendant makes clear that his sole basis for § 2255 relief is a claim pursuant to Johnson v. United States, 576 U.S._, 135 S. Ct. 2551 (2015). See Doc. Nos. 255 and 256.

　　　　The Court treats both his May 18, 2016, and June 22, 2016, pleadings as a Motion to Vacate, Set Aside or Correct Sentence, brought under 28 U.S.C. § 2255. Defendant's Motion will be denied, for the reasons discussed below.

## PROCEDURAL AND FACTUAL HISTORY

On March 3, 2014, Defendant was named in a twelve-count indictment with four others. Defendant faced charges of conspiracy to distribute 50 grams or more actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii) (Count 1); possession with intent to distribute 111 grams of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and approximately 63.8 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(C) (Count 2); using and carrying a firearm during and in relation to the drug trafficking crime charged at Count 2, namely, a Glock .40 caliber semiautomatic pistol and an Intratec semiautomatic pistol, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count 3); and felon in possession of a firearm in violation of 18 U.S.C. Sections 922(g)(1) and 924(a) (Count 4). Doc. No. 1.

Defendant was first represented by attorney Chris Ritts, Esq. On July 7, 2014, pursuant to the terms of a written plea agreement, Defendant pleaded guilty to Count 1 (methamphetamine conspiracy) and Count 3 (using and carrying a firearm). Doc. No. 143. During the plea hearing, Defendant acknowledged that he had "read [the plea agreement] before [he] signed it," "read it carefully," "read it more than once," and "talked to [his] lawyer about it." Plea Transcript ("PT") at 6.

Government counsel went through the Plea Agreement ("Agreement") with Defendant line by line. PT at 7-13. Defendant was again apprised that he was facing a

10-year mandatory minimum sentence for Count 1 as well as a consecutive 5-year term of imprisonment for Count 3 (PT at 8, 10-11); that he was facing a Guidelines range of 108 to 135 months for Count 1 (PT at 10); that under the Guidelines he was facing an additional and consecutive 60-month term of imprisonment for Count 3 (PT at 8); and that he had discussed his rights with his counsel (PT at 12).

While addressing the consecutive and mandatory minimum sentencing aspects of the case, this Court asked Defendant if he understood that he was "looking at a sentence of . . . 180 months." PT at 13. Defendant said he understood. Id. The Court also inquired if Defendant understood that he would not be able to appeal his sentence unless it was greater than 180 months. Id. at 14. Defendant said he understood, and when prompted by the Court stated: "It means I can't go back and try to reduce my sentence after I agree to this." Id. The Court in turn responded: "It means that if you're sentenced at 180 months, you have no recourse." Id. Defendant again stated he understood. Id. at 14, 27. Defendant similarly confirmed that no one had forced him to sign the Agreement (PT at 16); and that no one made any promises to him other than what was contained in the plea agreement materials (PT at 17). Further, Defendant stated that he understood that if he pleaded guilty he could not change his mind later (PT at 4, 5, 15, 17 and 27). Defendant also acknowledged that he was guilty of Counts 1 and 3 (PT at 40-41). The Court formally accepted Defendant's pleas of guilty to Count 1 and Count 3, and made a special finding that Defendant was guilty and that he knowingly, intelligently and voluntarily entered into his guilty plea (PT at 38-41).

As he was pending sentencing, this Court released Defendant on the same terms imposed upon his arraignment. Two weeks later, agents arrested defendant for new crimes, namely distribution and possession with intent to distribute cocaine. Defendant was held in custody and indicted separately for that offense conduct. See 14-CR-271 (RHK/JSM). Counsel Chris Ritts withdrew from representation, and attorney Gary Wolf, Esq. undertook Defendant's two separate causes. Doc. No. 208. Defendant pleaded guilty to distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) on November 21, 2014, to resolve the second indictment. Defendant was then set to be sentenced for both 14-CR-66 (RHK/JSM) and 14-CR-271 (RHK/JSM) at one hearing.

On May 14, 2015, Defendant appeared for sentencing. Doc. No. 220. As to the matter at issue – namely 14-CR-66 – the Court adopted the findings in the PSR. Sentencing Transcript ("ST") at 5. Those findings included both statutory and Guidelines conclusions for Count 1 and Count 3. Statutorily, and as detailed in the Agreement and anticipated at the plea hearing, Defendant was subject to a mandatory minimum 10-year term of imprisonment for Count 1, and a consecutive 5-year term of imprisonment for Count 3. PSR, ¶¶ 81-82. The advisory Guidelines proposed a range of 121 to 151 for Count 1, and a consecutive 5-year term of imprisonment for Count 3 – resulting in a recommended range of 181 to 211 months imprisonment. PSR, ¶ 83.

The Court heard argument from the parties regarding both the instant matter and 14-CR-271 (RHK/JSM). ST at 4-11. As to this case, the Government argued for a combined 195-month disposition. ST at 6. Defendant, through his counsel, asked for

minimum terms, and his counsel acknowledged those terms were "statutorily mandated" and that a consecutive term for Count 3 was "required by 924(c)[.]" ST at 7.

In accordance with the statutory mandate, this Court sentenced Defendant to a 180-month term of imprisonment. ST at 12, 18-19. The Court made clear that it was imposing the requisite 10-year statutory term for Count 1, and the requisite 5-year consecutive statutory term for Count 3. ST at 19. The Court then apprised Defendant of his rights to appeal his sentence, and Defendant acknowledged those rights. Id. at 15.

The Court then turned to Defendant's sentencing for the drug offense conduct he committed while he was pending sentencing – specifically additional cocaine distribution. Id. at 19. Defendant stated "my life was just totally unmanageable and I don't make no excuses." Id. at 19. Then the Court imposed an additional and consecutive sentence of 24 months imprisonment. Id. at 19-20. Afterward, the Court once again addressed Defendant's appeal rights, id. at 21, and proceedings concluded.

As detailed by the Government in response to Defendant's post-conviction May and June 2016 pleadings, at no time during the above-described sentencing proceedings did Defendant question his sentence or how the Court came to that sentence, nor does he ask to speak with his counsel regarding his circumstances before, during, or after sentence imposition. There was no challenge to the consecutive 5-year term imposed by the Court for his firearms conduct. Defendant did not file an appeal.

## I. DEFENDANT'S HABEAS CLAIMS

Defendant's 28 U.S.C. § 2255 pleadings assert three separate claims. First he indicates in his May 18, 2016 filing that: 1) his consecutive sentence pursuant to 18 U.S.C. § 924(c)(1) was unlawful, citing the Supreme Court's 1995 decision in Bailey v. United States, 516 U.S. 137 (1995); 2) he was provided ineffective assistance of counsel because he was improperly counseled during the course of receiving the unlawful § 924(c) consecutive sentence, see Doc. No. 248; and 3) he argues in his formal habeas pleading that his § 924(c) sentence – consecutive or otherwise – was improper because of the Johnson decision and its treatment of the ACCA's residual clause. See Doc. No. 256. On August 22, 2016, the Government responded to each of these claims. Doc. No. 260. On August 26, 2016, Defendant filed another *pro se* memorandum in support of his 2255 claims. Doc. No. 261. On September 16, 2016, Defendant filed a reply to the Government's August 22, 2016, response. Doc. Nos. 264 and 265. Defendant's responsive pleadings once again reiterated his original claims, and also asserted new arguments which he waived as part of his first plea hearing.[1]

---

[1] Because the majority of Defendant's supplementary materials merely reiterate his original claims, and for reasons described herein, the Court in this Order only cites his *habeas* writings, namely those found at Doc. No. 248 (May 18, 2016) and Doc. No. 255 through 256-1 (June 22, 2016).

## II. ANALYSIS

### A. General Principles

To prevail on a motion filed under § 2255, a petitioner must show that his challenge raises a "fundamental defect which results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). Section 2255 relief is extraordinary; consequently, it "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, § 2255 "does not encompass all claimed errors in conviction and sentencing." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, it encompasses jurisdictional and constitutional errors. Id. Beyond that, its scope is "severely limited." Id. "[A] miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law." Id. at 706.

An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000). But "[n]o hearing is required where the claim 'is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) (quoting Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

## B.  Defendant's § 924(c) "Force Clause" Claim Has No Merit

As identified by the Government, Defendant's formal June 22, 2016, habeas filing details a series of arguments which result in his claim that his § 924(c)(1)(A)(i) conviction for Count 3 is unconstitutional and should be vacated.  See Doc. No. 256. Defendant correctly identifies that in Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the definition of a prior "violent felony" in the residual clause of the ACCA was unconstitutionally vague under due process principles.  Doc. No. 256 at 2, 5.  Citing subsequent decisions evaluating 18 U.S.C. § 16(b) and 18 U.S.C. § 924(c) and the concept of "crime of violence," Defendant focuses on what he describes as residual clause "indeterminacy" in the definition of "violent felony" at 18 U.S.C. § 924(c)(3).  Doc. No. 256 at 5-7.  Defendant then argues that "[b]ecause of the Supreme Court's holding in Johnson, Defendant's § 924(c) penalty provision does not qualify as a COV [crime of violence], as the Supreme Court's rationale in James and Sykes, has been upended by Johnson."  Doc. No. 256 at 6.  Defendant reiterates this argument, resulting in a claim that his § 924(c) sentence is unconstitutional generally.  Doc. No. 256 at 8-9. On this basis, Defendant argues his sentence should be vacated.

Again, as identified by the Government, Defendant's arguments lack merit because Defendant has no Johnson claim.  Count 3 of the Indictment charged Defendant with using and carrying two separate firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Defendant pleaded guilty to that offense and specifically admitted facts in support of that offense.  See PT at 27-32. Neither Johnson's "violent felony" residual clause analysis nor any subsequent force

clause analysis of 18 U.S.C. § 16(b) or 18 U.S.C. § 924(c)(3) impact his crime of conviction. Thus, they have no impact on his sentence. Simply put, as to Defendant's habeas claim, he was not convicted for using and carrying a firearm during a crime of violence. His Johnson claim lacks merit and will be denied.

**C.   Defendant's "Mere Possession" Bailey Claim Similarly Has No Merit**

Citing the concepts of "active employment" versus "mere possession" described in Bailey v. United States, 516 U.S. 137 (1995), Defendant argues in both his May 18, 2016 correspondence and his June 22, 2016, formal habeas pleading that he was sentenced unlawfully. More specifically, Defendant argues "I was in mere possession and did not actively employ it [a firearm] in relation to any drug offense." See Doc. No. 248 at 1-2. Defendant adds to this claim by arguing ineffective assistance of counsel because he found this distinction and his lawyers failed him by not informing him of it. Id. at 1.

Defendant's claims again have no merit. First, the Supreme Court in Bailey did make the distinction Defendant describes. However, Congress shortly thereafter reversed Bailey by amending 18 U.S.C. § 924(c) to cover possession as well as use. See United States v. O'Brien, 560 U.S. 218, 232–233, 130 S. Ct. 2169 (2010) (discussing statutory amendment commonly referred to as the "Bailey fix"); Welch v. United States, 136 S. Ct. 1257, 1267 (2016) (addressing O'Brien in context of retroactivity). Since then, courts have routinely addressed the concept of using and carrying a firearm during the course of a drug trafficking crime, in violation of § 924(c)(1)(A). The crime encompasses two alternative types of conduct with a firearm, both "using" or "carrying" – "'either one of which provides a basis for prosecution under the statute.'" United States v. Ellis, 817

F.3d 570, 578 (8th Cir. 2016) (quoting United States v. White, 81 F.3d 80, 83 (8th Cir. 1996).

For example, a person who has a firearm on his or her person or vehicle during the course and in furtherance of a drug offense, "carries" the firearm in violation of 18 U.S.C. § 924(c)(1)(A). See Muscarello v. United States, 524 U.S. 125, 126, 130, 136 (1998) ("No one doubts that one who bears arms on his person 'carries a weapon.' But to say that is not to deny that one may also 'carry a weapon' . . . in a car.").

A defendant also carries a firearm under § 924(c)(1)(A) when he "knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which [he] accompanies." Muscarello, 524 U.S. at 127, 118 S. Ct. at 1911; see also United States v. Gill, 513 F.3d 836, 851 (8th Cir. 2008) (describing how "an individual can carry a firearm merely by knowingly transporting it in a vehicle").

More specifically, a defendant carries a firearm "during and in relation to" an underlying drug-trafficking offense when the firearm "facilitated or had the potential to facilitate" the drug-trafficking offense. Ellis, 817 F.3d at 578 (quoting United States v. Winn, 628 F.3d 432, 439 (8th Cir. 2010) and citing Smith v. United States, 508 U.S. 223, 238 (1993)). As part of the "during and relation to" analysis, a factfinder may consider how firearms are "essential tools used by drug traffickers to protect themselves, their drugs, and their drug proceeds, and '[w]e have long recognized the role of firearms in protecting drugs or drug proceeds.'" Ellis, 817 F.3d at 578 (quoting United States v. Espinosa, 300 F.3d 981, 984 (8th Cir. 2002)).

At his plea, Defendant admitted that: between August and September 2013 he was part of a drug conspiracy (PT at 28); on September 3, 2013, agents stopped him and found he possessed in his vehicle a .40 caliber Glock as well as marijuana (PT at 29-30); agents continued to investigate and found a separate firearm – a Tec-9 – in his bedroom (PT at 30); more specifically, the Tec-9 was on his bed and only a few feet from 107 grams of actual methamphetamine and 29 grams of cocaine (PT at 30-31); that the drugs found in his bedroom were a part of the drug distribution concern of which he was a part, and that he intended to sell them (PT at 31).

At his plea, Defendant also specifically agreed that he was "using those firearms in connection with and to further [his] drug distribution efforts, namely through security and protection." PT at 31-32; see also Plea Agreement at ¶ 2. Defendant therefore admitted to: being part of a methamphetamine distribution conspiracy; possessing methamphetamine with the intent to distribute the substance; possessing the .40 caliber Glock and Tec-9; and using them for security and protection in his drug dealing business.

As described above, to demonstrate possession of a firearm in furtherance of a drug trafficking crime, there must be a "'nexus' between the defendant's possession of the charged firearm and the drug crime, such that this possession had the effect of 'furthering, advancing or helping forward' the drug crime." United States v. Hilliard, 490 F.3d 635, 640 (8th Cir. 2007) (quoting United States v. Sanchez-Garcia, 461 F.3d 939, 946 (8th Cir. 2006); see also United States v. Hamilton, 332 F.3d 1144, 1149 (8th Cir. 2003)).

The facts Defendant admitted make clear that he was properly convicted for violating 18 U.S.C. § 924(c)(1)(A)(i). He was not "merely" in possession of firearms. As argued by the Government, Defendant's matter is much like the determination in Hilliard. There, the Eighth Circuit upheld a § 924(c) conviction when law enforcement found the at-issue firearm on defendant's bed "just down the hall" from a "substantial quantity" of crack cocaine, and defendant himself acknowledged to law enforcement that he had the firearm for protection. Id. at 640-641.

Defendant's "mere possession" claim is entirely contrary to the record. Instead, Defendant admitted facts clearly demonstrating that he knowingly violated 18 U.S.C. § 924(c)(1)(A), and post-Bailey decisions regarding that statute. His claim lacks merit and will be denied.

### D.  Defendant's Ineffective Assistance Claim Has No Merit

Defendant claims in his May 2016 letter that he merely possessed the Glock and Tec-9 firearms at issue, and that he received ineffective assistance because his counsel both let him plead guilty to that offense and let him be sentenced consecutively. As discussed above, the underlying and sole premise for his ineffective assistance claim, namely an argument of mere presence, is contrary to the record and contrary to the law.

Moreover, and to establish ineffective assistance of appellate counsel, a defendant must show that "appellate counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his appeal." Williams v. Kemna, 311 F.3d 895, 898, (8th Cir. 2002) (citing Tokar v. Bowersox, 198 F.3d 1039, 1051 (8th Cir. 1999), cert. denied, 531 U.S. 886, 121 S. Ct. 204 (2000)). "The deficient

performance standard is rigorous, because 'experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal.'" United States v. Brown, 528 F.3d 1030, 1034 (8th Cir. 2008) (quoting Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct. 3308 (1983)).

Defendant has not and cannot make such a rigorous showing here. As described above, Defendant specifically admitted firearm possession for purposes of security and protection in his drug distribution affairs. Like Hilliard, Defendant was properly found by this Court to be guilty of carrying firearms in furtherance of a drug trafficking offense. Therefore, Defendant as a matter of law cannot demonstrate ineffective assistance. There is no showing of subpar defense counsel performance for improperly advising Defendant on the law. Accordingly, Defendant's ineffective assistance claim on this basis lacks any merit.

### III. Defendant is Not Entitled to an Evidentiary Hearing

"A prisoner is entitled to an evidentiary hearing on a section 2255 motion unless the motion, files, and record of the case conclusively show that the prisoner is not entitled to relief." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). "Accordingly, a petition can be dismissed without a hearing if 1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or 2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Id.

The latter consideration is clearly the case here.  Defendant Sok's factual allegations are incredible, lack merit, and are contradicted by the record.  Considering the plea hearing transcript and the record, Defendant is clearly not entitled to any relief.

### IV.  No Certificate of Appealability Will Be Granted

A federal prisoner may not appeal a final order in a proceeding under 28 U.S.C. § 2255 without first securing a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  A district court cannot grant a certificate of appealability unless the prisoner "has made a *substantial showing* of the denial of a constitutional right."  Id. at § 2253(c)(2) (emphasis added); accord Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006).  Furthermore, a certificate of appealability will not be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue.  See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253.").  Rather, a prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997); accord Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).  Defendant has made no such showing here.

Defendant's claims have been fully addressed herein and they lack merit.  His claims are not "debatable among reasonable jurists."  Cox, 133 F.3d at 568.  Nor has he shown sufficient reason to believe that any other court – including the Eighth Circuit –

would decide his claim any differently than decided here. He has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case warranting appellate review. Thus, the Court concludes that Defendant is not entitled to a certificate of appealability.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

1. Defendant Phoumara Todd Sok's May 18, 2016, Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 248) is **DENIED**;

2. Defendant Phoumara Todd Sok's June 22, 2016, Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 255) is **DENIED**;

3. Defendant Phoumara Todd Sok is not entitled to an evidentiary hearing for purposes of his Motions Pursuant to 28 U.S.C. § 2255;

4. Defendant Phoumara Todd Sok's Request for Permission to File a Motion to Amend Petitioner's § 2255 Motion (Doc. No. 264) is **DENIED**; and

5. Defendant Phoumara Todd Sok is not entitled to a certificate of appealability should he attempt to appeal this Order to the Eighth Circuit.

**LET JUDGMENT BE ENTERED ACCORDINGLY** in Civil No. 16-2075 (RHK).

Dated: March 27, 2017

                s/Richard H. Kyle
                RICHARD H. KYLE
                United States District Judge